UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

I.U. (by his guardian      )
Ellen Roy), ELLEN ROY,     )
and LYLE UPRIGHT,          )
          Plaintiffs,      )
                           )
              v.           )  C.A. NO. 14-cv-12709-MAP
                           )
PIONEER VALLEY CHINESE     )
IMMERSION CHARTER SCHOOL,  )
KATHY WANG, and REGAN HALL, )
          Defendants.      )

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM and MOTION FOR PARTIAL SUMMARY JUDGMENT
(Dkt. Nos. 61, 68 & 101)

September 14, 2016

PONSOR, U.S.D.J.

    This action arises from the minor Plaintiff's
enrollment at the Defendant Pioneer Valley Chinese Charter
School and an incident that occurred while he or she was
attending as a student there.  In their First Amended
Complaint (Dkt. No. 57), Plaintiffs (the child and the
child's parents) assert claims against the school and two of
its employees for reckless and negligent infliction of
emotional distress (Counts I and II, respectively);
violation of I.U.'s rights to procedural and substantive due
process pursuant to 42 U.S.C. § 1983 (Count III); and breach
of contract based on the provisions of the school's handbook
(Count IV).

On May 26, 2015, Defendants filed a Motion to Dismiss for Failure to State a Claim regarding Counts III and IV (Dkt. No. 61), followed on October 16, 2015, by a Motion for Partial Summary Judgment regarding Counts I, III, and IV (Dkt. No. 68), both of which Plaintiff opposed.  No dispositive motion was filed with regard to Count II.

This court referred both motions to Magistrate Judge Katherine A. Robertson for a report and recommendation. (Dkt. Nos. 67 and 75.)  After extensions of time, the filing of supplemental briefing, and oral argument, Magistrate Judge Robertson issued a Report and Recommendation on June 10, 2016.  (Dkt. No. 101).

Judge Robertson's recommendation was to the effect that Defendants' Motion to Dismiss should be denied as moot, since Defendants conceded at oral argument that the summary judgment motion subsumed the motion to dismiss.  She further recommended that the summary judgment motion be denied as to Count I and allowed as to Counts III and IV.  With regard to Count I, Judge Robertson found that, while the ruling was close, sufficient facts (viewed in the light most favorable to the non-moving party) and law supported Plaintiff's claim for the reckless infliction of emotional distress.

It is not necessary to repeat the facts underlying this complaint.  They have been laid out in detail in Judge

Robertson's meticulous Report and Recommendation.
Similarly, it is not necessary for the court to restate what
has been set forth cogently in the Report and
Recommendation: except for the areas identified by Judge
Robertson, the complaint lacks adequate factual averments
and legal support to go forward.  Significantly, Plaintiffs
have not filed any objections to the Report and
Recommendation.  Moreover, the objections filed by
Defendants challenge certain findings by Judge Robertson
only to the extent that these findings could be construed as
binding upon future proceedings.  (Dkt. No. 102.)

     Defendants' objections will be overruled because they
are unnecessary to protect Defendants' rights.  The facts
summarized by Judge Robertson in the light most favorable to
Plaintiffs pertain solely to the summary judgment motion.
They will not be binding on any future factfinder.
Accordingly, upon de novo review, the court will adopt the
Report and Recommendation and enter summary judgment for
Defendants on Count III, the federal civil rights claim, and
Count IV, the breach of contract claim.

     These rulings eliminate any federal cause of action
from the complaint.  As Judge Robertson noted at footnote 4
of her Report and Recommendation, they give this court
discretion to dismiss the remaining state law claims, set

forth in Counts I and II, without prejudice to their re-filing in state court.  See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996).  In determining whether to exercise this discretion, the court must weigh "concerns of comity, judicial economy, convenience, fairness, and the like."  Id. at 257 (citations omitted).  Each case must be decided based on its own particular facts, and the "preferred approach is pragmatic."  Id.

    Here at least two factors support dismissal without prejudice.  First, as Judge Robertson noted, pertinent Massachusetts state law, which governs the remaining counts, remains rather undeveloped with regard to the issues raised in this case.  It is far from clear under current state law what quantum of evidence is required to support a claim for reckless infliction of emotional distress in a school discipline case.  Interests of judicial comity and respect for state court expertise make a Massachusetts court the preferable forum.  See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (wherein the Supreme Court admonished that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Second, it is noteworthy that Plaintiffs originally filed this case in state court.  Dismissal without prejudice here will not deprive them of their forum of choice.

Based upon the foregoing, the court hereby ADOPTS Magistrate Judge Robertson's Report and Recommendation (Dkt. No. 101), upon de novo review.  Defendants' Motion to Dismiss (Dkt. No. 61) is hereby DENIED as moot.  Defendants' Motion for Partial Summary Judgment (Dkt. No. 68) is DENIED as to Count I, and ALLOWED as to Counts III and IV.  Insofar as no federal claims remain, this court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims, as set forth in Counts I and II, and orders these counts be dismissed, without prejudice to their refiling in state court.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. District Judge